IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SHARON ALFARO, INDIVIDUALLY, AS SURVIVING SPOUSE OF RICHARD J. ALFARO, DECEASED, and as ADMINISTRATRIX OF THE ESTATE OF RICHARD J. ALFARO, DECEASED, <br><br>    Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br>    Defendant. | CIVIL ACTION FILE <br><br> NO.  5:11-cv-423 |

## **COMPLAINT**

Plaintiff Sharon Alfaro, individually and as administratrix of the estate of Richard J. Alfaro, deceased, alleges:

1.

This is an action arising under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq. This Court is vested with jurisdiction pursuant to 28 U.S.C. § 1346(b).

2.

Plaintiff's place of residence is Butts County, Georgia.  Venue is proper pursuant to 28 U.S.C.A. §1391(e)(3).

3.

Plaintiff is the surviving spouse of Richard J. Alfaro, deceased, and is the administratrix of his estate.

4.

At all times mentioned, Defendant United States of America ("Defendant"), through the Department of Veterans Affairs, an agency of Defendant, owned and operated the Charlie Norwood VA Medical Center in Augusta, Georgia.

5.

Timely and adequate administrative claim notices were sent to and received by the Office of Regional Counsel, Department of Veterans Affairs, regarding the claims made herein.

6.

Notice of the denial of Plaintiffs' claims was sent to Plaintiffs' counsel on May 6, 2011.

7.

On June 25, 2009, Richard J. Alfaro, age 56, was admitted as a patient to the Charlie Norwood VA Medical Center Spinal Cord Injury Unit (V.A.M.C.) for evaluation and rehabilitation secondary to multiple sclerosis, renal failure and diabetes.

8.

At the time of this admission, Mr. Alfaro was known by V.A. Medical Center staff to have an ongoing problem with dementia which affected his cognition and judgment.

9.

Progress notes within Mr. Alfaro's VAMC medical record state that Mr. Alfaro "has to be supervised for all meals due to choking precautions," and that he was "at risk for choking during feeding; memory deficits."

10.

A sign was placed above Mr. Alfaro's bed which stated, "Stay with when eating. Choking precaution."

11.

In Mr. Alfaro's VAMC chart, it was noted that he "had to be reminded not to eat too fast" that he "will not stop eating on his own," that he had swallowing difficulty, and that he was "very impulsive."

12.

Mr. Alfaro also had a known history of ill fitting dentures that sometimes dropped out of his mouth when he talked.  Ill fitting dentures make it difficult to chew.

13.

Based upon Mr. Alfaro's history of being susceptible to choking while eating, swallowing problems, ill fitting dentures, dementia, and the sign above his bed, VAMC nurses and staff knew or should have known that he was not to be left alone while eating.

14.

On July 20, 2009, the medical staff brought Mr. Alfaro food, which included a cherry tomato, and then left him alone to eat.

15.

About 6:45 PM on July 20, 2009, Mr. Alfaro was found unresponsive and without a pulse in his wheelchair in his room.  The "code team" was summoned.  CPR was started, and a cherry tomato was removed from his throat during an attempt to intubate him.

16.

Mr. Alfaro choked on the cherry tomato and was thereby deprived on oxygen, sustained severe irreversible brain damage, and subsequently died.

17.

The care and treatment rendered to Mr. Alfaro by Defendant's employees and/or agents during Mr. Alfaro's admission to the Charlie Norwood VA Medical Center, as described herein and in the affidavits attached hereto as Exhibits 1 and 2, fell below that degree of skill and care ordinarily employed by nurses and hospital staff generally under similar conditions and like circumstances and constituted negligence.

18.

The affidavits of Linda Esposito, R.N. and Dorothy M. Cooke, R.N., PhD, are attached hereto as Exhibit 1 and Exhibit 2, respectively, pursuant to O.C.G.A. § 9-11-9.1, and are incorporated herein by reference. Said affidavits set forth at least one negligent act or omission by Defendant via its employees and/or agents.

19.

As a direct and proximate result of the negligence of employees and/or agents of Defendant, Mr. Alfaro was deprived of oxygen, endured mental anguish, and died.

WHEREFORE, Plaintiff prays:

(a)     That judgment be entered in favor of Plaintiff against Defendant in the amount of $1,000,000 for Mr. Alfaro's pain and suffering and in the amount of $10,000,000 for the full value of Mr. Alfaro's life; and

(b)     That Plaintiff have such other relief as the Court may deem proper.

- 5 -

                                    **BLASINGAME, BURCH, GARRARD & ASHLEY, P.C.**
Attorneys for Plaintiff

/s/ James B. Matthews, III
James B. Matthews, III
Georgia Bar No. 477559
jbm@bbgbalaw.com
Adam B. Land
Georgia Bar No. 075641
abl@bbgbalaw.com

P.O. Box 832
Athens, GA 30603
706-354-4000 (phone)
706-549-3575 (fax)